UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

TARANI-ALIKE JOHNSON, *a living woman*, ET AL.,

Plaintiffs,

-against-

WELLS FARGO BANK, N.A. ET AL.,

Defendants.

---

23-MC-0074 (PAE)

TRANSFER ORDER

PAUL A. ENGELMAYER, United States District Judge:

Plaintiff Tarani-Alike Johnson,[1] appearing *pro se*, initiated this matter as a miscellaneous case seeking a default judgment against defendants with respect to a "Private Case" plaintiff alleges that she filed in 2020.[2]  Named as defendants are Wells Fargo Bank, N.A., Powers Kirn LLC, Fox Tothchild, LLP, and 50 John and Jane Does.  For the reasons set forth below, the Court: (1) construes this miscellaneous matter as a civil action; (2) directs the Clerk of Court to open it as a new civil case and assign the new matter to my docket; and (3) directs that the new civil action be transferred to the United States District Court for the Eastern District of Pennsylvania.

---

[1] The caption lists the following plaintiffs: "Tarani-Alike Johnson, a living woman"; "Tarani A. Johnson (Federal Trademark Serial Number 97615937 - Previous Trademark #88859594) in care of: JLD Ministerial Express Trust, also known as Tarani Alike Johnson"; and "Tarani Alike Johnson Estate Living Trust, in care of: JLD Ministerial Express Trust."  The Court assumes for the purposes of this order that Johnson is the sole plaintiff.

[2] Plaintiff paid the $49 fee to file a miscellaneous case in this Court.

**DISCUSSION**

**A.     Plaintiff's Filing is not a Miscellaneous Matter**

Rule 2 of the Federal Rules of Civil Procedure states that "[t]here is one form of action—the civil action." *See also* Fed. R. Civ. P. 3 ("A civil action is commenced by filing a complaint with the court."). Nothing in plaintiff's submission suggests any reason to depart from this clear Rule. The miscellaneous action docket is restricted for specified matters that are not civil actions. Instructions on use of the miscellaneous docket are found in the District Court Clerks' Manual (the "Manual"), published by the Administrative Office of the United States Courts; the Manual provides instructions to United States District Court Clerks nationwide. The Manual states that the Clerk of Court classifies civil matters as either civil or miscellaneous cases depending on the nature of the relief sought in the initiating document. Manual § 3.02. As for when a miscellaneous number should be assigned, the Manual provides, in relevant part:

> Miscellaneous numbers are assigned to a variety of matters filed with the court which are not properly considered civil or criminal cases. These matters, however, may be directly or indirectly related to civil or criminal cases pending within the district or another district. In general, miscellaneous actions are used for administrative matters that require resolution through the judicial system.

*Id.* § 4.03(a)(1).[3]

Plaintiff filed the complaint seeking a default judgment against defendants with respect to a "Private Case" plaintiff alleges that she filed in 2020. Plaintiff attaches to her submissions more than 200 pages of documents that appear to be part of her "Private Case Number: RE 327

---

[3] The Manual further lists the following matters for assignment of miscellaneous case numbers: foreign subpoenas, registration of judgment from another district, motion to quash deposition subpoena, motion for protective order, administrative deposition subpoena, application to perpetuate testimony, receiverships, letters rogatory from other districts, warrant for arrest of juror, pen registers, wire interceptions, video interceptions, grand jury matters, internal revenue service third party record keeper actions, and proceedings against sureties. *Id.* § 4.03(a).

2

506 200 US." None of those documents is captioned for filing in any local, state, or federal court. Nor do the documents bear any indication that they were ever filed in any local, state, or federal court. Although plaintiff's submission is difficult to understand, it appears to relate to a foreclosure or a possible foreclosure of a piece of real property located at 2285 Bryn Mawr Avenue in Philadelphia, Pennsylvania. *See, e.g.*, Dkt. 1 at 31–36.

Plaintiff's submission is not related to any pending case or proceeding in this Court or any other court, nor does it fall within the list of ancillary administrative matters that qualify under the District Clerks' Manual as miscellaneous cases. *See Rodrick v. Kauffman*, 455 F. Supp. 3d 546, 547 (M.D. Tenn. 2020) (noting that, as defined by the District Clerks' Manual, a miscellaneous case is an ancillary proceeding that is directly or indirectly related to a pending civil or criminal case); *In re Bahadur*, 441 F. Supp. 3d 467, 471–72 (W.D. Tex. 2020) (same); *cf. Robinson v. Ct. Clerks, E. Dist. of Calif., Sacramento*, No. 11 Civ. 2679 (JAM) (EFB) (PS), 2012 WL 219147, at *2 (E.D. Cal. Jan. 24, 2012) (defining "miscellaneous case" as "a number assigned to an ancillary or supplementary proceeding not defined as a civil or criminal action"). The Court therefore construes plaintiff's submission as a civil action and directs the Clerk of Court to open this case as a new civil action.

**B.      Transfer of the Action**

Under 28 U.S.C. § 1391(b), a civil action may be brought in

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). For venue purposes, a "natural person" resides in the judicial district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See id.* § 1391(c)(1), (2).

Plaintiff does not allege where any of the defendants reside, although she lists addresses for "agents" of the defendants in Feasterville, Pennsylvania; San Francisco, California; and Philadelphia, Pennsylvania. The Complaint suggests that plaintiff's claims are related to a piece of real property located in Philadelphia, Pennsylvania. She alleges no facts suggesting that any events giving rise to her claims occurred in this District. Because plaintiff does not allege that all defendants reside in New York, that a substantial part of the events giving rise to her claims occurred in this District, or that the property that is the subject of action is located in this District, venue is not proper for this action in this Court under Section 1391(b)(1) or (b)(2).

Under 28 U.S.C. § 1406, if a plaintiff files a case in the wrong venue, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). The property that is the subject of plaintiff's claim is located in Philadelphia, Pennsylvania, and the underlying events appear to have occurred in Philadelphia.[4] Philadelphia is located in the Eastern District of Pennsylvania. *See* 28 U.S.C. § 118(a). Accordingly, venue lies in the Eastern District of Pennsylvania, 28 U.S.C. § 1391(b)(2), and in the interest of justice, the Court transfers the new civil action to the United States District Court for the Eastern District of Pennsylvania, 28 U.S.C. § 1406(a).

---

[4] Moreover, while plaintiff provides a New York, New York address for herself, that address, 1270 Avenue of the Americas, appears to be an office building, and her filing includes multiple references to her residing at the Philadelphia, Pennsylvania address that is the subject of her claims.

## CONCLUSION

The Court construes this miscellaneous matter as a civil action and directs the Clerk of Court to open a new civil case and file copies of plaintiff's submissions (Dkts. 1, 2) and this order in that action. The Clerk of Court is further directed to assign the new matter to my docket and transfer it to the United States District Court for the Eastern District of Pennsylvania. Whether plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this Court. This order closes this case and the new civil action.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated: April 7, 2023
       New York, New York

PAUL A. ENGELMAYER
United States District Judge